IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § § | MDL Docket No.<br><br>3:11-MD-2244-K |
| ------------------------------------------------- | § § | |
| This Order Relates To: | § § | |
| Lay v. DePuy Orthopaedics, Inc., et al. No. 3:11-cv-03590-K | § § § | |
| Herlihy-Paoli v. DePuy Orthopaedics, Inc., et al. No 3:12-cv-04975-K ------------------------------------------------- | § § § § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO QUASH PLAINTIFFS' NOTICES OF DEPOSITION FOR
DRS. ANTONI NARGOL AND DAVID LANGTON**

Before the Court are Defendant DePuy Orthopaedic, Inc.'s ("DePuy") motions to quash Plaintiffs' notices of deposition for Drs. Antoni Nargol and David Langton in *Lay v. DePuy Orthopaedics, Inc., et al.*; No. 3:11-cv-03590-K ("Lay") and *Herlihy-Paoli v. DePuy Orthopaedics, Inc., et al.*; No. 3:12-cv-04975-K ("Paoli"). For the reasons set forth herein, the motions are **DENIED.**

On May 2, 2014, four months after the expiration of the expert deadline in the *Lay* and *Paoli* cases, Plaintiffs disclosed Drs. Antoni Nargol and David Langton as fact witnesses. Plaintiffs served notices of deposition for Drs. Nargol and Langton, and DePuy filed motions to quash the deposition notices contending that because Drs.

Nargol and Langton are actually expert witnesses and were not properly designated, their testimony is inadmissible.

Dr. Nargol is an orthopedic surgeon in England; Dr. Langton is an MRCS Orthopaedic Research Registrar in England who served as Dr. Nargol's research assistant. Together they have co-authored publications critical of metal-on-metal hip prostheses, including the Pinnacle Device at issue in these cases. They have also served as expert witnesses against DePuy in international hip implant litigation and have been retained as consulting experts in this MDL.

The gravamen of DePuy's complaint focuses on the stated intention of Plaintiffs to question Drs. Nargol and Langton about their opinions concerning the Pinnacle Device on the supposed basis that such opinions were communicated to DePuy, putting DePuy on notice of the existence of opinions that were critical of the Pinnacle Device. This testimony, DePuy contends, is expert testimony rather than lay testimony. DePuy thus argues that because Plaintiffs did not timely designate Drs. Nargol and Langton as expert witnesses in accordance with Federal Rule of Civil Procedure 26, this Court should quash their deposition notices because their testimony will be inadmissible at trial.

Plaintiffs contend that these witnesses have personal knowledge regarding what DePuy knew or should have known at the time DePuy committed the acts or omissions at issue in this lawsuit. Plaintiffs argue that both Drs. Nargol and Langton had relevant communications with Defendants before this lawsuit was filed giving them first-hand

knowledge about Defendants' awareness of reports that metal-on-metal hip implants were unsafe. Plaintiffs argue that notice of these reports is relevant to their fraud-based claims because knowledge of the misrepresentation is an element of fraud. Plaintiffs contend they are entitled to depose Drs. Nargol and Langton as lay witnesses and that such testimony is certainly discoverable and, Plaintiffs anticipate, admissible at trial.

Federal Rule of Civil Procedure 26(b)(1) allows discovery of any non-privileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). The reason for the wide scope of discovery permitted by the federal rules is the distinction between the right to obtain information by discovery and the right to use it at trial. Rule 26(b) allows great freedom in discovery; however, the Federal Rules of Evidence control what actually may be used at trial. The right to depose a witness and the right to use that testimony at trial are separate and distinct. *Bucher v. Richardson Hospital Authority*, 160 F.R.D. 88, 93 (N.D. Tex. 1994). A party cannot quash a deposition notice merely because the testimony might be inadmissible at trial. *Id.*

The Federal Rules of Evidence distinguish between lay and expert testimony, not witnesses. *United States v. White*, 492 F.3d 380, 403 (6th Cir. 2007). The same witness may provide expert and lay testimony in the same case. *United States v. Sykes*, 277 Fed. Appx. 397, 398 (5th Cir. 2008). Witnesses with expertise who are not designated as experts should not be excluded from testifying as to facts. *See Bramlett v. Medical*

*Protective Co. of Fort Wayne, Indiana*, No. 3:10-CV-2048-D, 2013 WL 4767786 at *1 (N.D. Tex. Sep. 5, 2013) (expert designation unnecessary because physician's testimony about what information and opinions she communicated to insurance company was fact testimony; "witness' testimony that she told someone her opinion on a matter was 'X' does not mean she is now offering 'X' as her opinion."). For these reasons, this Court must look at the substance of the testimony rather than the qualifications of the witness to determine admissibility. DePuy's motions are not ripe because this Court cannot determine the admissibility of the testimony based on the qualifications of the witnesses or what the parties anticipate their testimony to be.

Without the actual testimony of Drs. Nargol and Langton before this Court, DePuy's motions to quash are more appropriately characterized as complaints that the depositions of Drs. Nargol and Langton are outside the scope of discovery. There has been no argument or showing by any party that discovery from these doctors is not relevant to any party's claim or defense in this case and is not calculated to lead to the discovery of admissible evidence. DePuy's motions to quash are, therefore, **DENIED**.

**SO ORDERED.**

Signed July 18, 2014.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE