UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCT LIABILITY LITIGATION | MDL No. 2244<br>Honorable Ed Kinkeade |
| *This Document Relates To:*<br><br>*Paoli v. DePuy Orthopaedics, Inc.*, 3:12-cv-04975-K<br><br>*Lay, et al v. DePuy Orthopaedics Inc., et al*, No. 3:11-cv-03590-K | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
REGARDING EVIDENCE OF ALLMACHER CONDUCT**

Plaintiffs Kathleen Herlihy-Paoli and John Paoli and Plaintiffs Toni M. Lay and Rondey E. Lay respectfully submit this Supplemental Memorandum of Law Regarding Evidence of Allmacher Conduct.

In sum, Plaintiffs contend:

a. Defendants should not be permitted to offer any evidence, or to argue or suggest that the medical care provided by Dr. Allmacher to Ms. Paoli or Ms. Lay was improper, inadequate, fell below the standard of care, or constituted malpractice – just as Special Master Stanton ordered on Plaintiffs' motion in limine.

b. Defendants may offer admissible evidence regarding the positioning of Ms. Paoli's and Ms. Lay's hip implant components, but only to *negate* Plaintiffs' allegations of defect and causation.

c. Because Defendants are suggesting an *alternate* causation theory – that is, because the jury will hear conflicting evidence on what caused Ms. Paoli's and Ms. Lay's injuries – the jury should be properly instructed regarding "substantial factor" causation under Montana law.

## I. Procedural Background

Plaintiffs requested in their motion in limine that Defendants be precluded from offering evidence of the following:

> Any evidence or testimony regarding Dr. Allmacher's conduct in providing medical care to Ms. Paoli or Ms. Lay, specifically including but not limited to any testimony or evidence that the medical care provided by Dr. Allmacher to Ms. Herlihy-Paoli or Ms. Lay was improper, inadequate, fell below the standard of care, constituted malpractice <u>or caused or contributed to cause Ms. Herlihy-Paoli's or Ms. Lay's injuries</u>.

(emphasis added). Plaintiffs contend evidence of this nature is precluded under Montana law, which prohibits use of the "empty chair defense."

Defendants opposed the motion, contending they are permitted to introduce evidence of the implantation angles in order to <u>negate</u> Plaintiffs' contention that their injuries were caused by the defective condition of their implants – to in effect show that some *other* conduct or event caused the Plaintiffs' injuries.

Special Master James Stanton's order on the parties' motions in limine precludes "Any evidence or testimony that the medical care provided by Dr. Allmacher to Ms. Herlihy-Paoli or Ms. Lay was improper, inadequate, fell below the standard of care, or constituted malpractice," but it does not include the "causation" language (underlined above) requested by Plaintiffs.

At the informal pretrial conference with the Court on August 19, 2014, counsel for the parties discussed their respective positions with respect to this issue, and the Court requested additional briefing.

## II. Argument and Authorities

In response to Plaintiffs' motion in limine, Defendants argued that evidence of the implantation angles is relevant to rebut Plaintiffs' defect and causation claims: "[D]efendants seek to negate plaintiffs' claim that the Pinnacle Ultamet hip implant is defective and that any alleged defect caused plaintiffs' injuries, and not to apportion fault to Dr. Allmacher." (Def. Opp. to Pl. Motion in Limine, Dkt. 100, p. 9). Plaintiffs do not intend to oppose introduction of otherwise admissible evidence *so long as it is used for this limited, permissible purpose*.

### A. No evidence or argument suggesting malpractice or improper care should be allowed.

Defendants represented to the Court in the pretrial meeting last week, and have previously represented in their papers, that they do not intend to offer evidence or argue that Dr. Allmacher's medical care was substandard or improper. In fact, they do not have any such evidence, because their only expert witness who purports to offer opinions on case specific orthopaedic surgery matters (Dr. Roger Emerson) expressly refused to testify that Dr. Allmacher's conduct fell below the standard of care. Without such expert testimony, Defendants should be precluded from arguing – directly or indirectly – that Dr. Allmacher's treatment was improper, inadequate, substandard, constituted malpractice, or any similar argument.

### B. Intervening cause?

At the outset, Defendants should be required to specify the basis for the introduction of such evidence. In their response to Plaintiffs' motion in limine,

Defendants stated "[a]lthough causation is part of plaintiffs' prima facie case, defendants also pled the affirmative defense of intervening cause, and the evidence at issue would be relevant to that defense as well." (Def. Mem. p. 2, fn. 2). Yet in the pretrial meeting with the Court, defense counsel stated they were *not* asserting intervening cause – rather, as Mr. Powell stated, they contend the implantation angles are the "original" cause of Ms. Paoli's injuries. The distinction is important because while Plaintiffs have the burden to prove causation as part of their case, the burden of proof is on Defendants if they intend to assert "intervening superseding cause" as the Montana courts recognize the defense. *See Cusenbary v. Mortensen*, 1999 MT 221, P15-P39 (Mont. 1999) (dram shop case, analyzing whether trial court erred in denying defendant instruction "regarding his defense of intervening, superseding cause" and noting it was an "affirmative defense"); *Buxbaum v. Bd. of Trs.*, 2002 ML 3154, 12-16, 2002 Mont. Dist. LEXIS 3146 (Mont. Dist. Ct. 2002) (discussing the "defenses of intervening and superceding [sic] cause"); *Penn v. Dist. Court of the Third Judicial Dist. of Mont.*, 2010 Mont. Dist. LEXIS 197, 4-6 (Mont. Dist. Ct. 2010) (discussing the "defense of intervening, superseding cause"). Based on discussions in pretrial meetings with Special Master Stanton, Defendants deny they have the burden of proof even if they contend Dr. Allmacher's selection of implantation angles was an "intervening, superseding cause" of Ms. Paoli's and Ms. Lay's injuries.

Defendants' change in strategy from "intervening superseding cause" to "original cause" likely resulted from Defendants' realization that they cannot overcome

the requirement that an intervening superseding cause must be "unforeseeable" – which they clearly cannot show with respect to implantation angles.

C. **Negating Plaintiffs' causation and defect claims is permitted – but trying to evade liability by pointing to a concurrent cause is not.**

However, to the extent Defendants rely on otherwise admissible evidence of implantation angles to *rebut* or *negate* Plaintiffs' allegations of product defect and causation, Plaintiffs acknowledge that such evidence is admissible for that purpose. Montana courts recognize that defendants may defend claims by proving that their conduct did not cause the plaintiff's injury, or by proving that conduct of a third party was the *sole* cause of the plaintiff's injury. But Defendants should not be allowed to indirectly (or impliedly) do what Montana law does not permit – to attempt to shift *part* of the responsibility to Dr. Allmacher.

In other words, under Montana law, and under generally accepted jurisprudence on causation, Defendants are liable if their product or their conduct was a legal cause of Plaintiffs' injuries – even if there was other conduct that may have contributed to cause those injuries. *See, e.g. McCloskey v. Butte*, 253 P.2d 267, 269 (Mont. 1927) (affirming verdict for plaintiff where evidence of condition of sidewalk and sudden opening of trapdoor were concurrent causes of plaintiff's injury); *Lundeen v. Livingston Elec. Light Co.*, 41 P. 995, 997 (Mont. 1895) (affirming verdict for plaintiff who was injured when horse shied and ran into a negligently placed pole and guy wire). The Restatement also recognizes the concept of concurrent causes: "If two forces are actively operating, one because of the actor's negligence, the other not because of any misconduct on his part,

5

and each of itself is sufficient to bring about harm to another, the actor's negligence may be found to be a substantial factor in bringing it [the harm] about." RESTATEMENT (SECOND) OF TORTS § 432(2). Stated another way, "[i]f the defendant's conduct was a substantial factor in causing the plaintiff's injury, it follows that he will not be absolved from liability merely because other causes have contributed to the result, since such causes, innumerable, are always present." Prosser & Keeton, THE LAW OF TORTS, 5th Ed., § 41 p. 268 (cited favorably in *Rudeck v. Wright*, 218 Mont. 41, 53, 709 P.2d 621 (1985)).

This concept has been adopted in the Montana Pattern Jury Instructions (MPI): "More than one person may be liable for causing an injury. A defendant may not avoid liability by claiming that some other person helped cause the injury." MPI2d 2.10 Negligence – Multiple Causation. This is also consistent with the Texas Pattern Jury Charges, which include the instruction "There may be more than one proximate cause of an event." PJC 2.4 (2012 ed.).

These authorities make it clear that in order to negate causation, Defendants must do more than show another act, omission, or event *also* played a role in causing Ms. Paoli's and Ms. Lay's injuries. As a result, it is imperative that the jury be correctly instructed on the causation standard that governs this case – substantial factor.

**D.    Where there are multiple alleged causes of an injury, "substantial factor" is the proper causation test.**

The Montana Supreme Court adopted the "substantial factor" test in *Kyriss v. State*, 218 Mont. 162, 707 P. 2d 5 (1985), and held it applies in cases where more than one

act or event is alleged to have caused a plaintiff's injury.  Citing the recent *Rudeck* decision, the court stated,

> [I]f two or more causes concur to bring about an event, and any one of them, operating alone, would have been sufficient to cause the identical result, some other test is needed. In such cases it is quite clear that each cause has in fact played so important a part in producing the result that responsibility should be imposed upon it; and it is equally clear that neither can be absolved from that responsibility upon the ground that the identical harm would have occurred [without] it, or there would be no liability at all.
>
> The "substantial factor" rule was developed primarily for cases in which application of the "but for" rule would allow each defendant to escape responsibility because the conduct of one or more others would have been sufficient to produce the same result . . ..

*Kyriss v. State*, 218 Mont. at 167 (citing *Rudeck v. Wright*, 218 Mont. 41, 709 P.2d 621 (1985)).  In *Kyriss*, the jury was properly instructed on causation as follows:

> Instruction No. 13
>
> There may be more than one legal cause of an injury. When negligent conduct of two or more persons contributes concurrently as legal causes of an injury, the conduct of each said persons is a legal cause of the injury regardless of the extent to which each contributes to the injury.
>
> Instruction No. 14
>
> A legal cause of an injury is a cause which is a substantial factor in bringing about the injury.
>
> Instruction No. 18
>
> If you find that any negligent medical practice on the part of the Defendants substantially reduced the chances for saving Plaintiff's leg, then such a reduction in chance can be a part of the legal cause as defined in this instruction.

*Id.*[1]; *see also Christofferson v. City of Great Falls*, 74 P.3d 1021, 1028 (Mont. 2003) (affirming use of "substantial factor" instruction where plaintiff alleged the negligence of an emergency dispatcher caused his injury, but defendant contended the injury resulted instead from plaintiff's pre-existing medical condition).

The substantial factor test stated in *Christofferson* and the other decisions has been incorporated into the Montana Pattern Instructions:  "The defendant is liable if his negligence was a cause of plaintiff's injury.  The defendant's conduct is a cause of the plaintiff's injury if it is a substantial factor in bringing it about."  MPI2d 2.08 Negligence – Causation (Multiple Cause).

Although these instructions appear in the "Negligence" section of the MPIs, "substantial factor" is also the proper causation test for strict liability claims where multiple potential causes are at issue, as here.  *Bell v. Glock, Inc. (USA),* 92 F. Supp. 2d 1067 (D. Mont. 2000), involved strict liability claims against a gun manufacturer, and the defendant sought to offer evidence regarding the conduct of the gun owner and the teenager who accidentally shot and killed the plaintiff's decedent.  Discussing similar issues to the ones before this Court, the *Bell* court stated:

> The question is to what extent is Glock permitted to offer proof about the prima facie element of causation.
>
> This case must steer a course among competing tenets of law.  On the one hand, the **Plaintiff must prove that design defects in the Glock Model 20 were a substantial factor in causing the death of Miguel Bell**, and

---

[1] In *Kyriss*, a portion of the plaintiff's leg had to be amputated following medical treatment by the defendants.  The plaintiff alleged negligence on the part of his doctors; the doctors contended arteriosclerosis of the blood vessels in the plaintiff's legs led to the amputation.

> Defendants are entitled to dispute that causation element. On the other hand, Montana law prohibits Defendants from negating the causation element by introducing evidence or by arguing that the conduct of unnamed third parties were the real cause of Plaintiff's injury.
>
> **The facts of the incident itself are admissible. Any reasonable inference that can be argued from those facts is permissible, so long as it goes to the negation of cause, not to its attribution to some third party**. In other words, proof of what third-party conduct should have occurred is not relevant. Nor is proof about gun safety relevant, absent the presence of Elder or his stepfather. Defendants are not prohibited from introducing evidence of Elder's or Geelan's conduct as that relates to what happened in the incident, the background facts leading to the incident, or to rebut Plaintiff's claim that one or more of the alleged defects was a **substantial factor** in bringing about the Plaintiff's death.

*Bell*, 92 F. Supp. 2d 1067, 1069-1071 (D. Mont. 2000) (emphasis added). As the court in Bell noted, "proof of what third-party conduct should have occurred...[and] proof about gun safety" is not relevant unless the third parties are joined.

If Defendants intend to offer evidence regarding cup implantation angles, they, too, must "steer a course" among these competing concepts. While negation of causation is permitted, implication of non-party fault is not. Plaintiffs respectfully request that the Court ensure that Defendants stay on the right course, and not be permitted to delve into improper areas and impair the Plaintiffs' right to have a fair and impartial trial under the governing substantive law.

## CONCLUSION

For these reasons, Plaintiffs request that with respect to the issues raised by Plaintiffs' Motion in Limine regarding the conduct of Dr. Allmacher, the Defendants, their counsel, and their witnesses be instructed as follows: (1) Defendants are not permitted to offer any evidence, or to argue or suggest that the medical care provided

by Dr. Allmacher to Ms. Paoli or Ms. Lay was improper, inadequate, fell below the standard of care, or constituted malpractice; and (2) Defendants may offer admissible evidence regarding the positioning of Ms. Paoli's and Ms. Lay's hip implant components, but only to negate Plaintiffs' allegations of defect and causation.

In addition, because Defendants are suggesting an alternate causation theory, the jury should be properly instructed regarding "substantial factor" causation under Montana law.

Dated:  August 28, 2014

Respectfully submitted,

*Plaintiffs' Co-Lead Counsel:*

By: /s/ *W. Mark Lanier*
W. Mark Lanier
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, TX 77069-3804
Telephone: (713) 659-5200
Fax: (713) 659-2204
E-mail: wml@lanierlawfirm.com

Larry P. Boyd
Wayne Fisher
FISHER, BOYD, JOHNSON
 & HUGUENARD, LLP
2777 Allen Parkway, Suite 1400
Houston, Texas 77019
Telephone: (713) 400-4000
Fax: (713) 400-4050
E-mail: lboyd@fisherboyd.com
E-mail: wfisher@fisherboyd.com

*Plaintiffs' Executive Committee on behalf of the Plaintiffs' Steering Committee:*

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301
Telephone: (800) 256-1050
Fax: (318) 561-2591
E-mail: rarsenault@nbalawfirm.com

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue
NY, NY 10016
Telephone: (212) 784-6402
Fax: (212) 213-5949

E-mail: jconroy@simmonsfirm.com
*Attorneys for Plaintiffs Kathleen Herlihy-Paoli and John R. Paoli:*

David R. Paoli
PAOLI KUTZMAN, P.C.
257 W. Front St., Suite A
P.O. Box 8131
Missoula, Montana 59802
Telephone: (406) 542-3330


*Attorneys for Plaintiffs Toni and Rondey E. Lay:*

Terance P. Perry, Esq.
Del M. Post, Esq.
DATSOPOULOS, MACDONALD
  & LIND, P.C.
201 West Main Street, Suite 201
Missoula, Montana 59802
Telephone: (406) 728-0810
Fax: (406) 543-0134
E-mail: tperry@dmllaw.com;
dpost@dmllaw.com


## **CERTIFICATE OF SERVICE**

I certify that the foregoing instrument was served on all counsel of record by the Court's CM/ECF system, and was also forwarded to counsel for the DePuy Defendants by electronic mail, on August 28, 2014.

/s/ *Kevin Parker*
Kevin Parker