IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § | MDL Docket No. 3:11-MD-2244-K |
| ---------------------------------------------------- This Order Relates To: Lay v. DePuy Orthopaedics, Inc., et al. No. 3:11-cv-03590-K Herlihy-Paoli v. DePuy Orthopaedics, Inc., et al. No 3:12-cv-04975-K ---------------------------------------------------- | § § § § § § § § § § § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DRS. ANTONI NARGOL AND DAVID LANGTON**

Before the Court are Defendant DePuy Orthopaedic, Inc.'s ("DePuy") motions to exclude deposition testimony of Drs. Antoni Nargol and David Langton in Lay v. DePuy Orthopaedics, Inc., et al.; No. 3:11-cv-03590-K ("Lay") [Dkt. No. 117] and Herlihy-Paoli v. DePuy Orthopaedics, Inc., et al.; No. 3:12-cv-04975-K ("Paoli") [Dkt. No. 111]. For the reasons set forth herein, the Court is of the opinion that the motions should be DENIED.

**Factual and Procedural Background**

On May 2, 2014, four months after the expiration of the expert deadline in the

1

Lay and Paoli cases, Plaintiffs disclosed Drs. Antoni Nargol and David Langton as fact witnesses. DePuy moved to quash Plaintiffs' deposition notices for these doctors contending that they were experts not fact witnesses and were not properly designated as such. This Court denied DePuy's motions to quash. Over the objections of DePuy, Plaintiffs deposed Drs. Nargol and Langton in August 2014. DePuy now seeks to exclude their deposition testimony at trial in its entirety, contending that such testimony is expert testimony which is not admissible because Drs. Nargol and Langton were not properly designated as expert witnesses.

Dr. Nargol is an orthopedic surgeon in England. Dr. Langton is an MRCS Orthopaedic Research Registrar in England who served as Dr. Nargol's research assistant. Together they have co-authored publications critical of metal-on-metal hip prostheses, including the Pinnacle Device at issue in these cases. They have also served as expert witnesses against DePuy in international hip implant litigation, are plaintiffs against DePuy in a *qui tam* action, and have been retained as experts in this MDL and as consulting experts to Plaintiffs' counsel. They have also been paid by DePuy to train other doctors in proper procedures for implanting the Pinnacle Device in patients. They have met with DePuy and discussed their opinions and concerns with respect to the Pinnacle Device.

Dr. Nargol's deposition transcript is 270 pages long; Dr. Langton's deposition spans 472 pages. DePuy cites to a sampling of 15 questions from Dr. Nargol's

deposition (without the responses) which it contends are designed to solicit expert opinions. DePuy also cites to 12 of Dr. Nargol's responses (without the questions or other context) contending such responses are inadmissible expert opinions. From Dr. Langton's deposition, DePuy lists a sampling of 4 responses from 4 pages alleging such responses are expert opinions and not admissible. On this basis, DePuy seeks to exclude the entirety of the depositions as inadmissible expert testimony.

Plaintiffs contend that the testimony of Drs. Nargol and Langton is actually fact testimony for which no expert designation is necessary. Plaintiffs assert that Drs. Nargol and Langton informed DePuy about their opinions on the Pinnacle Device and testified about facts surrounding their experiences with the Pinnacle Device. Plaintiffs argue that such testimony is not expert testimony but is relevant to issues in the case relating to DePuy's notice of problems with the Pinnacle Device, failure to warn, circumstances against which DePuy's actions will be judged on subjects incluidng knowledge, intent, concealment, and punitive damages.

The Court is unable to conclude from the small sampling of questions and answers pointed out in DePuy's motions to exclude whether the depositions of Drs. Nargol and Langton should be excluded in their entirety. The Federal Rules of Evidence distinguish between lay and expert testimony, not witnesses. *United States v. White*, 492 F.3d 380, 403 (6th Cir. 2007). The same witness may provide expert and lay testimony in the same case. *United States v. Sykes*, 277 Fed. Appx. 397, 398 (5th Cir. 2008).

Witnesses with expertise who are not designated as experts should not be excluded from testifying as to facts. *See Bramlett v. Medical Protective Co. of Fort Wayne, Indiana*, No. 3:10-CV-2048-D, 2013 WL 4767786 at *1 (N.D. Tex. Sep. 5, 2013) (expert designation unnecessary because physician's testimony about what information and opinions she communicated to insurance company was fact testimony; "witness' testimony that she told someone her opinion on a matter was 'X' does not mean she is now offering 'X' as her opinion."). For these reasons, this Court must look at each proffered question and answer in the depositions to determine if it involves solely fact, expert opinion, expert opinion used for some other purpose such as notice, response, intent, etc., or a combination. Accordingly, this Court will rule on the admissibility of the deposition testimony of Drs. Nargol and Langton after the parties have made their deposition designations for trial and asserted specific objections to the questions and answers so designated.

DePuy's motions to exclude are, therefore, DENIED without prejudice to considering objections once the parties have made their specific designations for trial of the deposition testimony of Drs. Nargol and Langton.

SO ORDERED.

Signed September 9th, 2014.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE